UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ACETO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 2:20-cv-02102-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 29. No response was filed. The Court finds as follows.

**I.  BACKGROUND**

Plaintiff, represented by counsel, filed her Complaint requesting review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income, which the Court remanded for further proceedings on December 20, 2021. ECF No. 24. On March 22, 2022, the Court granted a stipulation for attorney's fees in the amount of $5,881.00, $17.25 in expenses, and $400 in costs. ECF No. 28. Plaintiff entered into a contingency fee agreement that allows counsel to charge and receive 25% of the past due benefits awarded to Plaintiff as a fee in the event the case was won. On December 26, 2022 the Notice of Award provided Plaintiff with $112,624.10 in past due benefits. Counsel is requesting $20,956.03 in fees under § 406(b).

In support of this request, counsel provides records indicating that 25.8 hours of attorney time and 6.0 hours of paralegal time (31.8 hours total) were expended working on this matter. ECF 29-1 ¶ 10. Counsel states that if paralegal time is billed at $100 per hour, his rate is $788.99, which is reasonable.

**II.  STANDARD**

Under 46 U.S.C. § 406(b)(1)(A), "[w]hen a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part

of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and her attorney. *See*, *e.g.*, *Garcia v. Astrue*, 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorney's fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

**III.   ANALYSIS**

Here, counsel asks the Court to approve a contingency fee of $20,956.03, which is approximately 18.61% of the $112,624.10 past-due benefits awarded to Plaintiff. Plaintiff and his counsel entered into a representation agreement approving a contingency fee of 25% of past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court. ECF No. 29-2. Counsel's request falls within the terms agreed to by Plaintiff. No evidence suggests that counsel provided anything but effective representation or that he engaged in dilatory conduct. The time spent working on this case, as documented by counsel, appears to be proportionate to the time required for a voluntarily remanded social security case. Therefore, the only remaining question before the Court is whether the benefits are unreasonably large in comparison to the amount of time counsel spent on the case.

Giving primacy to the lawful attorney-client fee agreement as directed by *Gisbrecht* and taking into consideration the risk involved in taking on social-security benefit cases on a contingent-fee basis, this Court finds that the requested fee is reasonable. Courts within this Circuit have

awarded fees under section 406(b) for similar rates. *See*, *e.g.*, *Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *Schultz v. Berryhill*, Case No. 19-cv-00096-BNW, 2021 WL 1381128, at *2 (D. Nev. Apr. 9, 2021) (approving effective hourly rate of $1,395); *Ellis v. Saul*, Case No. 14-cv-01926-GMN, 2020 WL 5043046, at *1 (D. Nev. Aug. 24, 2020) (approving effective hourly rate of $971); *McCullough v. Berryhill*, Case No. 16-cv-00625-BLF, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effective hourly rate of $875); *Palos v. Colvin*, Case No. 15-cv-04261-DTB, 2016 WL 5110243 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546). The Commissioner did not respond or object to the reasonableness of the fees requested.

IV.   **ORDER**

IT IS HEREBY ORDERED that the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 29) is **GRANTED**. A fee award in the amount of $20,956.03 for work before the Court is to be paid to Hal Taylor, Esq. from the sums held by the Social Security Commissioner from Plaintiff's past-due benefits.

IT IS FURTHER ORDERED that Hal Taylor shall refund $5,881.00 previously paid to him by the Commissioner under the Equal Access to Justice Act.

Dated this 28th day of February, 2023.

    ELAYNA J. YOUCHAH
    UNITED STATES MAGISTRATE JUDGE